IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIMELECH SCHWARTZ, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br><br><br>HITRONS SOLUTIONS, INC.,<br><br>Defendant. | Case No. 18-4062<br><br>**CLASS ACTION**<br><br><br><br>**COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Elimelech Schwartz (at times "Plaintiff"), by his counsel, alleges upon personal knowledge as to his own acts, and as to all other matters upon information and belief based upon, inter alia, the investigation made by and through his counsel, as follows:

## INTRODUCTION

1. Defendant Hitrons Solutions Inc. ("Hitrons" or the "HSI") sells plastic food storage bags ("Bags"), known as "New Eco Roll Bag."

2. Hitrons advertises and labels Bags to be, without qualification, biodegradable ("Unqualified Degradable Claim" or "UDC").[1]

---

[1] Biodegradation is the process by which microorganisms (microbes such as bacteria, fungi or algae) convert materials into biomass, carbon dioxide and water. Biomass is a general term used to refer to the cells of the microorganisms that are using the material as a carbon source to grow on.

1

3. HSI's marketing of Bags is consumer-oriented, as Bags are a consumer centric product used primarily in the home to store food. Bags are advertised on HSI's website (http://www.hsimarketplace.com) as "Home Goods."

4. All Bags, regardless of where or how purchased, are advertised and/or labeled as "Oxo-biodegradable,"[2] a term that the FTC has ruled means the same thing as "Biodegradable" to consumers.[3] Biodegradable and Oxo-degradable will hereinafter at times be referred to as "Degradable".

5. Bags are customarily disposed of in landfills.

6. The Federal Trade Commission ("FTC") has conducted extensive consumer research and, based thereon, has enacted this rule: "Unqualified Degradable Claims for items that are customarily disposed in landfills are deceptive because these locations do not present conditions in which complete decomposition will occur within one year." 12 CFR Part 260, §260.8(c).

7. Bags cannot and do not decompose within five (5) years in landfills (let alone in one year, i.e. the FTC requirement). *ECM Biofilms, Inc. v. FTC*, 851 F.3d 599 (6th Cir. 2017), aff'g *In re ECM BioFilms, Inc.*, 2015 FTC LEXIS 253, 2015-2 Trade Cas. (CCH) P79,338 (F.T.C. October 11, 2015).[4]

---

[2] So-called Oxo-biodegradable plastics are based on conventional plastics like (as here) polyethylene (PE) to which oxidative additives, purporting to cause the plastic to degrade by a process initiated by oxygen and accelerated by light and/or heat, are added. The FTC has determined that suppliers may not make Unqualified Degradable Claims when advertising and selling oxo-bios plastics. See 12 CFR Part 260, at §260.8(c). "These plastics are made from fossil-based polymers and combined with specific additives in order to follow a similar end-of-life as bioplastics i.e. biodegradation. However, these additives will enable only fragmentation of the plastics and not degradation, which results in very small fragments that still remains in the environment." http://www.bioplastics.guide/ref/fossil-based/non-biodegradable.

[3] See Guides for the Use of Environmental Marketing Claims, 12 CFR Part 260, §260.8; https://www.ftc.gov/news-events/blogs/business-blog/2014/10/bag

[4] HSI make an inconspicuous, confusing and false representations, several screens down from the Amazon Product Page where consumers affect their purchases, to the effect that Bags are "new," replace fossil fuels

8. Hitrons violates Sections 349-350 of the NY Gen. Bus. Law by advertising, labeling and selling Bags, deceptively, pursuant to an Unqualified Degradable Claim.

9. Plaintiff, on his own behalf and on behalf of the Class, seeks equitable and injunctive relief, including corrections to Hitrons' labeling, advertising and marketing; and the recovery of actual damages or statutory damages of $50 per transaction, during the Class Period (defined hereinafter), as authorized by Section 349(h).

## JURISDICTION AND VENUE

10. Claims asserted herein arise under the laws of the State of New York.

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because the matter in controversy, upon information and belief, exceeds $5,000,000, exclusive of interest and costs, and this is a class action in which certain of the Class members and Defendant are citizens of different states.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because the acts and transactions alleged herein, including the marketing, advertising, purchase and receipt of the product at issue, occurred in this District.

## PARTIES

13. Plaintiff, a resident of Suffern, Rockland County, New York, purchased a box of Hitron's "New Eco Roll Bag," from Hitron's e-commerce store on walmart.com, on March 26, 2018, after initially shopping the Bags on amazon.com.

14. Subsequent to receiving the Bags Plaintiff used them to store food.

---

usage," and fully degrade within five (5) years.

15. Subsequent to using the Bags Plaintiff googled "HDPE," the primary structural component of Bags; and he learned that HDPE is a petroleum-based plastic, i.e. not Degradable.

16. Plaintiff is sensitive to the "green footprint," purchased Bags for that reason, and is disappointed and takes great umbrage at HSI's false advertising of a petroleum-based plastic as Degradable.

17. Defendant Hitrons is a New Jersey corporation that maintains its principal place of business at 88 Portland Ave., Ste M, Bergenfield, NJ 07621-2364.

18. Hitrons Solutions Inc. was founded in 2008 to introduce products to major U.S. markets such as Sam's Clubs, Office Depot, Amazon.com and many more retailers as a project of the Korean Government Administration for Small and Medium Business.

**SUBSTANTIVE ALLEGATIONS**

19. The most common type of conventional plastic is high-molecular weight polyethylene, commonly used to manufacture plastic bags, packaging material, and bottles.[5]

20. Americans generate about 32 million tons of plastic waste every year, more than

---

[5] Plastics may be classified as follows:

- Plastic #1: Polyethylene Terephthalate (PET) ...
- Plastic #2: High Density Polyethylene (HDPE) ...
- Plastic #3: Polyvinyl Chloride (PVC) ...
- Plastic #4: Low Density Polyethylene (LDPE) ...
- Plastic #5: Polypropylene (PP) ...
- Plastic #6: Polystyrene (PS) ...
- Plastic #7: Other.

4

half of which ends up in landfills.

21. Landfills continue to be the dominant method for managing discarded waste in the United States.

22. Due to their recalcitrant nature, plastics pose a growing disposal and environmental pollution problem.

23. In response to consumer demand, various materials have been introduced to improve the biodegradability of plastics. These include conventional plastics amended with additives meant to enhance biodegradability (e.g., photodegradable, oxodegradable, and biodegradable additives), bio-based plastics, and natural fiber composites.

24. According to the American Society for Testing and Materials, a biobased material is an organic material in which carbon is derived from a renewable resource via biological processes. Biobased materials include all plant and animal mass derived from CO2 recently fixed via photosynthesis, per definition of a renewable resource.

## HSI PRODUCT LABELING AND ADVERTISING

25. Hitrons sells plastic food storage bags, i.e. Bags, that it represents on amazon.com (where Plaintiff initially shopped) and elsewhere, to be bio-based and Degradable.

26. HSI creates advertising copy that is used, essentially unchanged in material parts, on various websites, including the websites Plaintiff visited just prior to purchasing Bags, to wit: amazon.com and walmart.com.[6]  Both sites market Bags

---

[6]https://www.amazon.com/HSI/b/ref=w_bl_hsx_s_ki_web_5500617011?ie=UTF8&node=5500617011&field-lbr_brands_browse-bin=HSI (this ad, which Plaintiff recalls seeing, was copied on April 26, 2018);

as "Oxo-biodegradable Made from Wheat Clear Plastic Food Roll Bags:"



https://www.walmart.com/ip/Eco-friendly-Oxo-biodegradeable-Made-from-Wheat-Clear-Plastic-Food-Roll-Bags-11-8-quot-x-15-7-quot-700-count/892002409. See also identical language at https://www.ebay.com/p/Hsi-Oxo-biodegradable-Made-From-Wheat-Clear-Plastic-Food-Roll-Bags-700-Count/1686890137:https://jet.com/product/HSI-Oxo-biodegradable-Made-from-Wheat-Clear-Plastic-Food-Roll-Bags-700-Count/572941270d0842ed8932c3d4cf874c90https://www.pinterest.com/pin/77004523625724 0234/;https://glowroad.com/hsi-oxo-biodegradable-made-from-wheat-clear-plastic-food-roll-bags-700-count/az/B01DME76UW



Eco-friendly Oxo-biodegradeable Made from Wheat Clear Plastic Food Roll Bag 11.8" x 15.7" 700 count

Write a review

Reduced Price

27. Plaintiff read the HSI advertisements set forth in the preceding paragraph 26 and, but for the UDC therein, would not have purchased the Bags.

28. HSI's online advertising representations include specific "green claims" (emphasis added):

- **OXO-biodegradable** made from **wheat** clear plastic food roll bags
- Its **FDA approved** raw materials are **wheat**, HDPE and **biodegradable** oxide
- BPA-free, durable bags protect food from cooling off and losing its taste and lock moisture and oxygen from seeping in and spoiling foods

29. The product package at rear confirms the foregoing bullet-point claims and represents further that the raw material of the Bags, identified as HDPE, is "biomass" from a "natural substance:"



30. The advertising and labeling of Bags is a flagrant, multi-faceted violation of New York's consumer deception law . . . for the following non-exhaustive list of reasons:

- Bags are not Degradable in fact and may not be so represented as a matter of law
- HDPE, from which Bags are made, is an acronym for High-density polyethylene (**HDPE**), a polyethylene thermoplastic made from petroleum. HDPE is non-biodegradable and can take centuries to decompose
- Bags are not "eco-friendly" or made in any material way of wheat, biomass or natural substance, but rather of petroleum-based plastic, i.e. Bags are petro-based HDPE
- The well-known, trust-evoking FDA "logo" on the package-- ---is an artifice intended, with the repeated representations about "FDA approved raw materials," to trick consumers into perceiving attainment of required FDA-accreditation when none exists.[7] The purported FDA logo appearing on Bags packaging is not an official FDA logo, having been retired on or about October 2016, and/or HSI is not (and never was) authorized to use the said logo.[8]

---

[7] See discussion of "Labeling FDA Approved Products" at https://www.registrarcorp.com/how-to-get-fda-approval/
[8] https://www.underconsideration.com/brandnew/archives/new_logo_for_fda.php

- There is no such thing as "FDA approved raw materials," despite HSI's repeated representations to the contrary that there is.[9] By misrepresenting itself as having affiliation with or imprimatur of FDA, Hitrons falsely validates, and dissuades consumers from exploring or doubting, its Degradable Claims.

31. The practices identified in the previous paragraph hereof violate the Federal Trade Commission's rules and formal guidance relating to "claims about the environmental attributes of a product,"[10] as well as those addressing internet advertising,[11] including:

    - **12 CFR Part 260, at §260.8(c):** It is deceptive to make an unqualified degradable claim for items entering the solid waste stream [as HSI does regarding Bags] if the items do not completely decompose within one year after customary disposal. Unqualified degradable claims for items that are customarily disposed in landfills, incinerators, and recycling facilities are deceptive because these locations do not present conditions in which complete decomposition will occur within one year.

    - **12 CFR Part 260, at §260.6:** (a) It is deceptive to misrepresent, directly or by implication, that a product, package, or service has been endorsed or certified by an independent third party. HSI's repeated, false and deceptive representations concerning FDA approved materials and the use of the phony FDA "logo" offend this FTC Rule.

    - Ad Guide at p. 21 forbids the confusing, i.e. deceptive use of abbreviations, including the acronym HDPE as deceptively used, which most consumers do not recognize as a term for a petroleum-based plastic:

---

[9] HDPE is permitted food contact material; but this "approval" or "non objection" has nothing to do with Degradability; and without appropriate disclaimers to that effect the FDA claims are deceptive. Hitrons has never submitted a Food Contact Substance Notification to FDA for its imported plastic bags; and those entities that have submitted such notifications have received *safety* evaluations based on their specific manufacturing facts and use profiles. See https://wayback.archive-it.org/7993/20170607040007/https://www.fda.gov/Food/IngredientsPackagingLabeling/PackagingFCS/RecycledPlastics/ucm174850.htm

[10] Revised Guides For The Use Of Environmental Marketing Claims (FTC 2012)("Green Guides"), reprinted at https://www.law.cornell.edu/cfr/text/16/part-260

[11] Disclosures: How to Make Effective Disclosures in Digital Advertising, reprinted at https://www.ftc.gov/system/files/documents/plain-language/bus41-dot-com-disclosures-information-about-online-advertising.pdf ("Ad Guide")

9

"Disclosures should be as simple and straightforward as possible. Icons and abbreviations are not adequate to prevent a claim from being misleading if a significant minority of consumers do not understand their meaning."

- FTC has long required that "[m]arketers must ensure that all reasonable interpretations of their claims are truthful, not misleading, and supported by a reasonable basis before they make the claims." See FTC Policy Statement Regarding Advertising Substantiation, 104 FTC 839 (1984). A reasonable consumer would believe, based upon HSI's advertising and labeling, that Bags are Degradable, made of a biomass, and approved by the FDA.

- HSI creates a reasonable consumer expectation that Bags are bio-plastic by referring to "Wheat Clear Plastic" in large font in the advertisement, by adopting "FDA approved raw materials are wheat" as bullet-point language where wheat appears as the first-named ingredient, and by claiming Bags are an "Eco-friendly bioproduct[12] which [is] made out of biomass [and] comes from a natural substance."[13]

32. New York Courts have historically followed the FTC pronouncements as to deceptive consumer sales and marketing practices: "[i]ndeed, § 349 was enacted 'to follow in the steps of the [FTC] with respect to the interpretation of deceptive acts and practices outlawed in Section 5 of the [FTC] Act.' *State by Lefkowitz* v. *Colo. State Christian Coll. of Church of Inner Power, Inc.*, 76 Misc. 2d 50, 346 N.Y.S.2d 482, 487 (N.Y. Sup. Ct. 1973)." *Braynina v. TJX Cos.,* 2016 U.S. Dist. LEXIS 131562, at *18 (S.D.N.Y. 2016).

---

[12] "Marketers should not make broad, unqualified general environmental benefit claims like "green" or "eco-friendly." Broad claims are difficult to substantiate, if not impossible." https://www.ftc.gov/tips-advice/business-center/guidance/environmental-claims-summary-green-guides

[13] There are many bioplastics in the marketplace, meaning that the product is made from made from simple and sustainable resources . . . not from non-renewable fossil fuels like HDPE. Starch, from which bioplastics usually derive, is a polysaccharide consisting of two components: a linear glucose polymer called amylose and a highly branched glucose polymer called amylopectin. Most green plants store their energy as starch and it is present in large quantities in grains such as maize, wheat and potatoes. Technology has succeeded in manufacturing clear biodegradable plastic with desirable mechanical properties, manufactured from sustainable and natural resources such as wheat. It is this pretense that HSI exploits with the term "Wheat Clear Plastic."

## CLASS ACTION ALLEGATIONS

33. Without prejudice to later expansion or modification, Plaintiff brings this action as a member and/or representative of a class consisting of all persons or entities in New York who purchased Bags during the three-year period preceding commencement hereof ("Class" and "Class Period")

34. Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest, and any of the Defendant's subsidiaries, affiliates, and officers, directors, or employees, and any legal representative, heir, successor, or assignee of Defendant.

35. This action has been brought and may properly be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

36. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes, and on that basis alleges, that thousands of persons are members of the Class.

37. There is a well-defined community of interest in the questions of law and fact affecting the parties represented in this action.

38. Common questions of law and fact exist as to all members of the Class. These common questions predominate over the questions affecting only individual Class members.

39. The questions common to members of the Class are, inter alia:

    a. Whether Defendants engaged in unlawful, deceptive or unfair acts and

      practices in violation of state consumer protection statutes and FTC environmental-claim rule making;

    b.  Whether Plaintiff and the Class are entitled to the injunctive relief; and

    d. The nature and extent of damages or other remedies to which proposed Class members are entitled as a result of Defendant's wrongful conduct.

40. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct. Plaintiff and all members of the Class have sustained monetary damages arising out of the HSI's violations of statutory law as alleged herein.

41. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses.

42. Plaintiff is similarly situated in interest to all of the members of the proposed Class, is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions. Accordingly, Plaintiff is an adequate representative of the proposed Class and will fairly and adequately protect the interests of the Class.

43. Plaintiff explicitly reserves the right to add additional class representatives. Plaintiff will identify and propose class representatives with the filing of Plaintiff's motion for class certification, or otherwise as ordered by the Court.

44. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it

impossible for members of the Class to individually redress the wrongs done to them.

45. There will be no difficulty in the management of this class action. Individualized litigation presents the potential for inconsistent or contradictory judgments. A class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## COUNT I:

### New York Consumer Protection from Deceptive Acts and Practices Act
### (N.Y. Gen. Bus. Law §§ 349)

46. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 45 as if fully set forth herein.

47. New York General Business Law ("NYGBL") §349 provides: "Deceptive acts or practices in the conduct of any business, trade or commerce or the furnishing of any service in this state are hereby declared unlawful."

48. HSI represents that the Bags at issue herein are Degradable, as being made of Degradable biomass.

49. HSI represents that the ingredients used to manufacture Bags purchased by Plaintiff and otherwise at issue herein are FDA approved.

50. HSI does not disclose that Bags are made of petroleum-based plastic, as a majority—and certainly more than a significant minority—of consumers do not know the meaning of "HDPE."

51. These Degradable and "FDA approved" representations were false and misleading, and misstated the qualities, characteristics and/or ingredients of the Bags at issue, as same are made of non-Degradable HDPE in whole (as disclosed) or substantially in whole.

13

52. Even if Defendant's representations that the Bags are Degradable were not false (they are), Defendant's representations were misleading without disclosure of the additional fact of Bags' effect on environment, and related disclosures necessary to render the representations made not deceptive and misleading.

53. Defendant violated its duties of disclosure because its UDC's tended to leave consumers woefully misinformed and misled as to the true character of HSI's Bags.

54. Defendant's conduct by way of its affirmative representations and non-disclosures misled Plaintiff and are and were likely to mislead a reasonable consumer.

55. Defendant's conduct constitutes one or more violations of NYGBL §349.

56. Plaintiff and the Class suffered harm as a result of Defendant's statutory violations in that they purchased the Bags, which they would not have purchased but for Defendant's representations and failures to disclose, and certainly not at the prices they paid.

57. Absent Defendant's UDC's and other misrepresentations and/or failures to disclose, the market value of the Bags purchased by the Class would be substantially less than the premium prices paid by Plaintiff and the Class. Consequently, Plaintiff and the said Class uniformly suffered "out of pocket" loss as a result of Defendant's violations of the Section 349.

58. In addition to overpaying for what they did receive, class members received less than that for which they paid, i.e. they did not receive the benefit of their bargain. Authentic Degradable bags are more expensive than Bags, former costing $.07 apiece;[14] whereas Bags cost $.03-$.04 apiece.

---

[14] https://www.amazon.com/Compostable-Produce-BioBag-Biodegradable-Green/dp/B00F57XZD2/ref=sr_1_5_a_it?ie=UTF8&qid=1522937437&sr=8-5&keywords=biodegradable+food+storage+bags+roll

59. Plaintiff and the Class are entitled to recover $.03-$.04 per Bag, or about $21.00-$28.00 per roll purchased, i.e. the insufficiency of consideration.

60. Alternatively class members are entitled under Section 349 to recover $50 per transaction involving the purchased of accused product by Class members.

## COUNT II

**Violation of §§349-350 of the New York General Business Law (Injunction)**
**On behalf of Plaintiff, Individually**

61. Plaintiff re-alleges all preceding allegations as though set forth at length.

62. Plaintiff is entitled to obtain injunctive relief to protect the public from HSI's deceptive practices:

> Given the afore cited purpose of the statute, to encourage private enforcement of consumer protection, to strongly deter deceptive business practices, and to supplement the activities of the New York State Attorney General in prosecuting consumer fraud complaints, I hold that the Legislature intended the irreparable injury at issue to be irreparable injury to the public at large, not just to one consumer.

*Schatz v. Cellco P'ship*, 842 F. Supp. 2d 594, 608 (S.D.N.Y. 2012), citing *McDonald v. North Shore Yacht Sales, Inc.,* 134 Misc. 2d 910, 513 N.Y.S.2d 590 (Sup. Ct. 1987).

63. Plaintiff is entitled to an injunction against Defendant's use of the words "Oxo-biodegradable," "FDA approved," biomass" and "Eco-friendly"—or words conveying the same meanings as the quoted words-- on packaging, marketing, labeling or advertising materials encountered by purchasers of the Bags.

64. Plaintiff is entitled to an injunction against Defendant's use of any FDA logo or purported FDA logo.

65. Plaintiff is further seeking an order enjoining Defendant's violations of the NYGBL including, but not limited to, an order:

(a) Requiring Defendant to immediately remove all advertisements, packaging and labeling of the Bags that same, or their constituent materials, are "Oxo-biodegradable," "FDA approved," "biomass" and/or "Eco-friendly."

(b) Requiring Defendant to prominently disclose on the front of the product labels and product packaging in bold print and large font that "**THIS PRODUCT IS NOT BIODEGRADABLE. IT IS MADE FROM HDPE, A PETROLEUM-BASED PLASTIC,**" in order to cure the false advertising Defendant has been disseminating for years.

(c) Requiring Defendant to prominently disclose on its website the following statement: "**OUR NEW ECO ROLL BAG IS NOT BIODEGRADABLE. IT IS MADE FROM HDPE, A PETROLEUM-BASED PLASTIC.**"

WHEREFORE Plaintiff, on behalf of himself and the Class, prays as follows:

a. An order certifying this case as a class action, designating Plaintiff as the representative of the Class and his counsel as class counsel;

b. A permanent injunction against HSI affording the relief specified in paragraph 65 hereinabove and such other and further injunctive relief as the Court may deem necessary and appropriate;

c. Statutory damages pursuant to NYGBL §349;

d. Actual damages;

e. Attorney fees; and

f. Costs.

## JURY DEMAND

Plaintiff demands a trial by jury as to all triable issues.

/s/Mark Schlachet  
Mark Schlachet  
Law Offices of Mark Schlachet  
3515 Severn Road  
Cleveland, Ohio 44118  
Telephone: (216) 225-7559  
Facsimile: (216) 932-5390  
Email: markschlachet@me.com

***Attorney for Plaintiff and the Class***